Alden J. Parker, State Bar No. 196808
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: 916/558-6000
Facsimile: 916/446-1611
Email: aparker@weintraub.com

Attorneys for RADIOSHACK CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MICHAEL-LEE GRAY,<br><br>Plaintiff,<br><br>v.<br><br>RADIOSHACK CORPORATION, a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>NOTICE OF REMOVAL OF ACTION<br><br>[28 U.S.C. §§ 1331 (Federal Question)]<br><br>Complaint Filed: APRIL 1, 2011 |

Pursuant to 28 U.S.C. § 1331 Defendant RADIOSHACK CORPORATION ("Defendant") removes the above-captioned lawsuit from the Superior Court of the State of California for the County of Kern, in which it is currently pending as Case No. S-1500-CV-273296 SPC, to the United States District Court for the Eastern District of California. As grounds for the removal of this action, Defendant states as follows:

1. On or about April 1, 2011, Plaintiff ARTHUR MICHAEL-LEE GRAY (Plaintiff) commenced this action against Defendant by filing a Complaint in the Superior Court of the State of California for the County of Kern, Case No. S-1500-CV-273296SPC. A true and correct copy of the Summons, Complaint, and all other process, pleadings, and orders served upon Novell are attached hereto as <u>Exhibit A</u> as provided in 28 U.S.C. § 1446(a).

2. On April 1, 2011, Plaintiff served Defendant with a copy of the Summons and Complaint. Aside from the material in Exhibit A, Defendant is not aware of any other process, pleadings or orders served upon Radioshack in this action.

3. Defendant files this Notice of Removal within one year of the date the action was originally filed and within twenty-one days of receipt of the Complaint by Plaintiff. Removal is accordingly timely.

### JURISDICTION

4. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (federal question) in that Plaintiff's First Cause of Action arises under the federal Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

### FEDERAL QUESTION JURISDICTION

5. A district court has original jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331.

6. In its Complaint, Plaintiff sets forth a cause of action for violation of the Americans with Disabilities Act of 1990. (Ex. A, Compl. ¶ 7, 8.)

7. Accordingly, Plaintiff's cause of action under the Americans with Disabilities Act requires that it prove a violation of federal law.

8. Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

## VENUE

9. The Superior Court of the State of California for the County of Kern is located within the Eastern District of California, and therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(b) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Based on the fact that the United States District Court for the Eastern District of California has original jurisdiction over this case, Defendant is entitled to remove this action pursuant to 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C § 1446(d), upon the filing of this Notice of Removal, Defendant shall furnish written notice thereof to Plaintiff, and shall file and serve a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of Kern.

WHEREFORE, Defendant RADIOSHACK gives notice that the above-described action pending against it in the California Superior Court for the County of Kern is removed to the United States District Court for the Eastern District of California.

Respectfully submitted,

Dated: June 6, 2011

WEINTRAUB GENSHLEA CHEDIAK
a law corporation

By: /s/: Alden J. Parker
      Alden J. Parker

Attorneys for RADIOSHACK CORPORATION

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
RadioShack Corporation, a Delaware Corporation; and Does 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
Arthur Michael-Lee Gray

**FOR COURT USE ONLY**
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN
APR 1 2011
ENDORSED
TERRY MCNALLY, CLERK
BY _____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la informacion a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso an la corte. Es possible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en al Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y blenes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legates sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Kern County Superior Court
(El nombre y direccion de la corte es):
1415 Truxton Avenue
Bakersfield, CA 93301

CASE NUMBER:
S-1500-CV- 273296 S

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Center for Disability Access, 9845 Erma Road, Suite 300, San Diego, CA 92131-1084 (858) 375-7385

TERRY McNALLY
K. GERMANY

DATE: 4/1/11    Clerk, by _____, Deputy
(Fecha)          (Secretario)      (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
[Seal]
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Radioshack Corperation, a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Raymond G Ballister, Jr. / Mark D. Potter   111282 / 166317<br>Center for Disability Access<br>9845 Erma Road, Suite 300<br>San Diego, CA 92131-1084<br>TELEPHONE NO.: (858) 375-7385   FAX NO.: (888) 422-5191<br>ATTORNEY FOR (Name): Plaintiff, Arthur Michael-Lee Gray | FOR COURT USE ONLY<br>FILED<br>SUPERIOR COURT METROPOLITAN DIVISION<br>COUNTY OF KERN<br>APR - 1 2011<br>TERRY McNALLY, CLERK<br>BY_____ DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN<br>STREET ADDRESS: 1415 Truxton Avenue<br>MAILING ADDRESS: 1415 Truxton Avenue<br>CITY AND ZIP CODE: Bakersfield, CA 93301<br>BRANCH NAME: Metropolitan Division | |
| CASE NAME: Gray v. RadioShack Corporation, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 273296 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | S-1500-CV-<br>JUDGE<br>DEPT. |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

Auto Tort
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
- ☐ Business tort/unfair business practice (07)
- ☑ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

Employment
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

Contract
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

Real Property
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

Unlawful Detainer
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

Judicial Review
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
- ☐ Enforcement of judgment (20)

Miscellaneous Civil Complaint
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

Miscellaneous Civil Petition
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action (specify): 4 ADA; Unruh; CA Dis; Negl.

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/29/2011

Mark D. Potter
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | CIVIL CASE COVER SHEET | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

### To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

### To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g. slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2007]      CIVIL CASE COVER SHEET     Page 2 of 2

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, Esq. SBN 166317
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
(888) 422-5191 fax
mark@potterhandy.com

Attorneys for Plaintiff

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

APR - 1 2011

TERRY McNALLY, CLERK
BY _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KERN

Arthur Michael-Lee Gray,

    Plaintiff,

v.

RadioShack Corporation, a Delaware Corporation; and Does 1-10,

    Defendants.

Case No. S-1500-CV- 273296 SPC

**Complaint For Damages And Injunctive Relief** For Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence

**Demand For Jury**

Plaintiff Arthur Michael-Lee Gray complains of Defendants RadioShack Corporation, a Delaware Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who uses a wheelchair for mobility.

2. Defendants are, or were at the time of the incident, the owners and operators, lessors and/or lessees of the electronics store called RadioShack located at or about 2695 Mount Vernon Ave., Bakersfield, California.

3. Plaintiff does not know the true names of Defendants, their business

1

Complaint

capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**FACTUAL ALLEGATIONS:**

4. The Plaintiff went to the RadioShack in December of 2010. The RadioShack is a facility open to the public, a place of public accommodation, and a business establishment.

5. Unfortunately, the RadioShack is not fully accessible to wheelchair users for two reasons: (1) the transaction counter measures approximately 41 inches in height—there is no portion of the transaction counter that is 36 inches in height and accessible to wheelchair users; (2) the ATM point of sale card reader device is mounted horizontally on top of the counter and facing upwards such that no wheelchair users could use it. These inaccessible conditions are barriers to access and amount to violations of the laws pled below.

6. The plaintiff personally encountered these violations and they denied him full and equal access. Plaintiff would like to return and patronize the RadioShack but is deterred from doing so on a full and equal basis until the defendants provide access.

2

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq)

7. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

8. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

9. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

10. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to: (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

## III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

11. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

12. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to: (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

## IV. FOURTH CAUSE OF ACTION: NEGLIGENCE (On behalf of plaintiff and against all defendants)

13. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

14. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

### PRAYER:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

4.

Complaint

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: February 18, 2011            CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: February 18, 2011            CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

---

5

Complaint